**Vitalijus POLIKARPOVAS,**
**Petitioner–Appellant,**

v.

**Bruno STOLIC, Warden, Respondent–Appellee.**

**No. 07–15123.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Vitalijus Polikarpovas, Florence, AZ, pro se.

John Robert Lopez, IV, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Respondent–Appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Vitalijus Polikarpovas appeals pro se from the denial of his 28 U.S.C. § 2241 habeas corpus petition challenging a magistrate judge's certification of his extraditability to the Republic of Lithuania for the crime of theft pursuant to Article 2 of the Extradition Treaty Between the United States of America and the Republic of Lithuania. He contends that there is insufficient evidence to establish probable cause that he is the person who committed the offense. He also contends that the offense is not an extraditable offense under the terms of the treaty. We affirm the district court's judgment.

We will uphold an extradition judge's determination of probable cause if there is competent evidence in the record to support it. *Barapind v. Enomoto,* 400 F.3d 744, 752 (9th Cir.2005) (en banc) (per curiam). As stated by the district court, the record included evidence of a confession and evidence that a witness identified Polikarpovas as the thief through an "identity parade." We affirm the district court's conclusion that this evidence was sufficient. *See Quinn v. Robinson,* 783 F.2d 776, 815 (9th Cir.1986) (holding that United States procedures for admissibility of identification at trial need not be followed).

We do not address Polikarpovas's contention regarding the extraditability of the theft offense because he did not make this claim before the district court. *See Biggs v. Terhune,* 334 F.3d 910, 915 n. 2 (9th Cir.2003).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

